**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Cause No. CR 17-08-H-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| **TRAVIS HOLLY STEPHENS,** | |
| Defendant. | |

**BACKGROUND**

Travis Holly Stephens moved the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 97.) Stephens is currently serving consecutive sentences of 108 months for conspiracy to possess with intent to distribute methamphetamine and 60 months for possession of a firearm in furtherance of a drug trafficking crime. (Doc. 67.) Stephens has served 70 months of her sentence. (Doc. 97 at 2.) Stephens's scheduled release date is March 11, 2029. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Jan. 27, 2022).

Stephens is currently incarcerated at Greenville FCI. *Id.* Greenville FCI is operating at a Level 3 Modified Operational Level as a result of a nationwide surge of COVID-19 cases resulting from the Omicron variant. *See* Modified Operational Levels, www.bop.gov/coronavirus/ (accessed Jan. 27, 2022). Greenville FCI has 46

1

inmates and 12 staff members currently dealing with COVID-19 and has had 783 inmate and 96 staff member COVID-19 cases throughout the course of the pandemic. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed Jan. 27, 2022).

## I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Stephens's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it

describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); Brown, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended §

3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13

remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." (emphasis in original)); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423

5

F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Stephens's sentence.

## II. Whether Stephens has Demonstrated Extraordinary and Compelling Reasons

Despite this Court's determination that it has discretion to provide relief, Stephens still must demonstrate that extraordinary and compelling reasons support a reduction of her sentence. *Maumau*, 2020 WL 806121, at *5. Stephens has cited in support of her motion the COVID-19 pandemic and her two daughters that Stephens claims are in need of a caretaker. The Court determines that extraordinary and compelling reasons exist to reduce Stephens' sentence, but not to grant Stephens's motion for compassionate release effective immediately.

The Court determines that Stephens has not demonstrated an extraordinary and compelling need for her immediate release in order to care for daughters.

Stephens has two daughters, ages 9 and 11. (Doc. 97 at 2.) Stephens's daughters were in the care of their father until he was incarcerated in May of 2020. *Id.* Stephens's daughters are currently in the care of their grandparents. (Doc. 99 at 19.) The Court recognizes that Stephens's maternal role in her daughters lives presents a compelling reason for release. It appears, however, that Stephens's daughters are receiving adequate care with their grandparents. (*Id.*) The Government states that Stephens's daughters are doing well in school, participating in extracurricular activities, and attending therapy. (*Id.*) Given the care that Stephens's daughters' grandparents are providing, the Court cannot find that there is an extraordinary need for Stephens's immediate release.

With respect to Stephens's concerns regarding the COVID-19 pandemic, the Court has consistently noted that correctional facilities create a high-risk environment for the spread of COVID-19, which poses a particular danger to prisoners with pre-existing conditions. *See For People Living in Prisons and Jails*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (Accessed Jan. 31, 2022). A prisoner's history of substance abuse, when considered alongside the heightened risk of contracting COVID-19 in a prison setting, can constitute an extraordinary and compelling reason for compassionate release. (Doc. 101-1 at 12-14, No. 2:15-CR-00118-KJM (E.D. Cal. 2021).) Stephens previously contracted COVID-19 while

incarcerated (Doc. 100-1 at 15.) and is at risk of contracting the disease again. (*See* Doc. 97 at 6 (indicating active cases at the time of filing).) It is impossible to surmise exactly how likely Stephens is to become ill again, but recent studies indicate that there are significant chances of a person developing long-term health impacts after contracting COVID-19. *See* Maxime Taquet et al., *Incidence, co-occurrence, and evolution of long-COVID features: A 6-month retrospective cohort study of 273,618 survivors of COVID-19,* PLOS Medicine, Sept. 2021. The Court determines that COVID-19 poses a continued risk to Stephens's health. In light of the Covid-related concerns for Stephens's health, the Court will reduce Stephens's sentence for possession with intent to distribute methamphetamine charge to 66 months. This reduction, consecutive with the 60 month sentence for possession of a firearm in furtherance of a drug trafficking crime, results in a total sentence of 126 months.

Reducing Stephens sentence to a total of 126 months comports with the 3553(a) sentencing factors. Stephens had a total criminal history category score of zero. (Doc. 65 at 16.) Stephens had no prior drug- or violence-related convictions and had no felony convictions. (*Id.*) Stephens's total offense level was calculated to be 29 based on the quantity of methamphetamine in her possession. The Court has applied similar sentences to Stephens's reduced sentence where the defendant is a first-time felony offender and has plead guilty to possession with intent to distribute methamphetamine in quantities similar to Stephens. *See, e.g.*, *United States v.*

*Halabi*, 4:18-cr-43-BMM, Doc. 42 (54 months); *United States v. Weeks*, 4:15-cr-50-BMM, Doc. 34 (68 months); *United States v. Martin*, 4:17-cr-41-BMM, Doc. 31 (68 months).

Accordingly, **IT IS ORDERED**:

Stephens's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Stephens's sentence to a total period of 126 months.

DATED this 22nd day of February, 2022.

_____
Brian Morris, Chief District Judge
United States District Court