# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **CR-17-08-H-BMM** |
| vs. | **ORDER** |
| TRAVIS HOLLY STEPHENS, | |
| Defendant. | |

## INTRODUCTION

Defendant Travis Holly Stephens ("Stephens") filed an initial motion in this Court to reduce her sentence. (Doc. 97.) The Court reduced Stephens's sentence from 168 months to 126 months. (Doc. 102 at 8–9.) Stephens subsequently filed a renewed motion for compassionate release on March 12, 2024. (Doc. 114.) The government opposes Stephens's motion. (Doc. 115.)

Stephens's original sentences entailed consecutive sentences of 108 months for conspiracy to possess with intent to distribute methamphetamine and 60 months for possession of a firearm in furtherance of a drug trafficking crime. (Doc. 67.) Stephens has served approximately 101 months as of June 28, 2024. (*See* Doc. 114

at 2.) Stephens advises that she scheduled to be released to home confinement on October 29, 2025, and released on April 26, 2026. (Doc. 114 at 2.)

The Court stayed Stephen's present motion and ordered Stephens to submit a supplemental briefing regarding the following: 1) evidence that Stephens exhausted her administrative remedies; and 2) evidence concerning the current status of Stephens's children and what circumstances, if any, indicate that the children's current caregiver is "dead, incapacitated, or otherwise unable to prove care for the children." (Doc. 117 at 4, 6.) Stephens filed a supplemental brief on June 14, 2024. (Doc. 118). The government filed a response opposing Stephens's supplemental brief on June 28, 2024. (Doc. 119.)

## LEGAL STANDARD

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission; (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a); and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Court considers whether the defendant has presented extraordinary and compelling reasons for a sentence reduction and whether that reduction comports with the objectives of 18 U.S.C. § 3553(a). *See*

*Keller*, 2 F.4th at 1284; *see also United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

The Sentencing Commission policy statement, which took effect on November 1, 2023, controls. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023). The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "medical circumstances of the defendant." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1). As relevant here, specific examples include family circumstances, such as "[t]he death or incapacitation of the caregiver of the defendant's minor child," or "[t]he incapacitation of the defendant's spouse or registered partner," or similar circumstances involving "any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member . . .." *Id.* The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* at § 1B1.13(d)

Demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Section 3553(a) factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the

sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id*; 18 U.S.C § 3553(a)(4), (6).

## DISCUSSION

The Court will first discuss whether Stephens provided evidence to substantiate that she has exhausted her administrative remedies prior to filing her renewed motion. The Court will then analyze evidence Stephens provided concerning whether the familial circumstances alleged amount to extraordinary and compelling reasons within the meaning of the First Step Act. The Court determines that Stephens fails demonstrate the existence of extraordinary and compelling reasons and declines to consider whether the 3553(a) factors support Stephens's motion for compassionate release.

**I.     Whether Stephens has exhausted her administrative remedies**

Stephens initially provided only a single email, dated June 20, 2020, in her initial briefing to the Court to demonstrate that Stephens had exhausted her administrative remedies prior to filing her renewed motion. (Doc. 114-5 at 1.) The

Court recognized that Stephens previously filed a motion for compassionate release on November 16, 2021. (Doc. 114.) Stephens produced a letter dated November 28, 2023, in response to the Court's order staying Stephen's motion. (Doc. 114; Doc. 118-1 at 1.) This letter requested compassionate release, and Stephens asserts that the Warden did not respond to this letter. (Doc. 118-1 at 1; Doc. 118 at 2.) The evidence that Stephens provided in response to the Court's order demonstrates that exhausted her administrative remedies prior to filing her renewed motion for compassionate release on March 12, 2024. 18 U.S.C. § 3582(c)(1)(A).

## II. Whether the evidence presented supports Stephens's motion for compassionate release

Stephens asserts the following constitute extraordinary and compelling reasons for her compassionate release: 1) her children's paternal father and paternal grandfather are unable to care for her children, and her children need Stephens to be their caregiver; and 2) medical conditions afflict Stephens and Stephens did not receive adequate care at FCI Dublin for these conditions. (Doc. 118 at 3–5.) The evidence Stephens provided to the Court in her initial brief failed to clarify the caretaking arrangement of her children after October 2020. (Doc. 117 at 5). The Court ordered Stephens to file a supplemental brief addressing the following issues: 1) the current residence, status, and custody arrangement of her children; and 2) whether the children's current caregiver is dead, incapacitated, or otherwise unable to provide care for the children. (Doc. 117 at 4-5.)

### A. Family circumstances

Stephens's supplemental brief indicates that her children current reside with their paternal grandfather in Silver Bow County, Montana. (Doc. 118 at 3.) Stephens posits that the children's living situation is dismal, and that the children's paternal grandfather is unable to provide care for them because he suffered a stroke "[i]n early May." (*Id*. at 3–4.) Stephens does not provide records to substantiate these statements. Stephens's supplemental brief also indicates that a Silver Bow County probation officer is concerned about the children's living conditions, but Stephens fails to provide evidence substantiating this claim . (*See* Doc. 118 at 4.)

Stephens's supplemental brief indicates that the children's paternal father was released from prison but asserts that he allegedly continues to use drugs and associate with drug users. (Doc. 118 at 3.) Stephens claims that the children's paternal father is unable to provide care for the children. (*Id*.) Stephens provide no evidence to substantiate her assertions.

Stephens does not demonstrate that the children's caregiver is "dead, incapacitated, or otherwise unable to prove care for the children" because Stephens's assertions remain unsubstantiated by the record. *See United States v. Bolden*, No. 2:13-CR-00201-RSM, 2020 U.S. Dist. LEXIS 132716, at *9–13 (W.D. Wash. July 27, 2020) (citing BOP Program Statement § 5050.50 Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf). Stephens alleges that the

children's paternal grandfather employs "strange house rules" including restricting showers to every other day, but such contentions fail to demonstrate that the children's caretaker is dead, incapacitated, or otherwise unable to care for the children. (Doc. 118 at 4.)

The Court further recognizes the government's assertion that Montana's Child and Family Services are no longer involved with the family. (Doc. 119 at 2.) The Court determines that Stephens fails to demonstrate extraordinary and compelling reasons concerning the care of her children.

### B. Medical condition and additional factors

Stephens indicates, for the first time, that she is afflicted by serious health issues, and that she did not receive adequate medical treatment for her conditions while incarcerated at FCI Dublin. (Doc. 118 at 4.) Stephens does not provide documents to substantiate that she suffers health issues. (Doc. 114; Doc. 118 at 4.) The Court's April 30, 2024 order (Doc. 117) limited Stephens's supplemental briefing to only the following issues: "1) the current residence of her children; and 2) whether the children's current caregiver is dead, incapacitated, or otherwise unable to provide care for the children." (*Id.* at 5.) The Court's April 30 ,2024 order was not intended to be vehicle for Stephens to allege additional grounds for compassionate release. Stephens failed to raise medical treatment and health as grounds for compassionate release in her renewed motion (Doc. 114), and the Court

7

declines to consider these new grounds as amount to extraordinary and compelling reasons.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Stephens's renewed motion for compassionate release (Doc. 114) is **DENIED**.

DATED this 8th day of July 2024.

_____
Brian Morris, Chief District Judge
United States District Court